IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BOYD, #226451, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2095-G |
| | ) | ECF |
| C.O.R. PHIPPS, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a Virginia state inmate pursuant to 42 U.S.C. § 1983. Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Red Onion State Jail in Pound, Virginia. Defendant is C.O.R. Phipps. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Even when liberally construed, Plaintiff's complaint is difficult to understand. Plaintiff merely states that he and Defendant need to be in a courtroom in this Court in Dallas, Texas, and that he may have injured his knees. (Complaint at 4).

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in

federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the U.S. Party and Case Index reflects that Plaintiff is a frequent filer, having filed over forty actions the United States District Court for the Western District of Virginia. *See* http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl. Most recently in *Boyd v. Simpson*, 7:06cv153 (W.D. Va., Roanoke Div., Mar. 17, 2006), the District Court in the Western District of Virginia dismissed one of Plaintiff's prior civil right complaints as barred by three strikes.[1]

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no claim that Plaintiff is in danger of any physical injury. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84.

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of $350.00 within

---

[1] The three-strike finding was based on the dismissal of the following prior actions with prejudice as frivolous or for failure to state a claim under 28 U.S.C. § 1915A(b)(1): *Boyd v. Simpson*, No. 7:02cv0646 (W.D. Va., May 13, 2002); *Boyd v. None Named*, No. 7:02cv0598 (W.D. Va., Apr. 24, 2002); *Boyd v. Olson*, No. 7:02cv0074 (W.D. Va, Jan. 24, 2002).

the next ten days. *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court BAR Plaintiff from proceeding *in forma pauperis*, and DISMISS this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.